## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                     No. CR 06-1722 JB

OSCAR SALGADO-ENRIQUEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Oscar Salgado-Enriquez' Sentencing Memorandum, filed November 17, 2006 (Doc. 17)("Sentencing Memorandum"). The Court held a sentencing hearing on November 22, 2006. The primary issue is whether the Court should deviate from the advisory guideline sentence and sentence in a 15-21 month range. Because the Court does not believe that the circumstances and facts of the case warrant a departure, because this case remains in the heartland of cases that the federal courts see, because the Court will exercise its discretion to deny the motion for a downward departure, because the factors in 18 U.S.C. §3553(a) do not suggest that the Court should deviate from the Guideline sentence, and for the reasons stated at the hearing and consistent with those reasons, the Court will deny the motion for a deviation.

## PROCEDURAL BACKGROUND

Salgado-Enriquez moved the Court, under United States v. Booker, 543 U.S. 220 (2005), to deviate from the Sentencing Guidelines' recommended sentencing range. See Sentencing Memorandum at 1; Transcript of November 22, 2006 Sentencing Hearing at 4:9-10

(Tallon)("Transcript").[1]  In response, the United States made a motion to withdraw from the rule 11(c)(1)(C) plea agreement that is had previously reached with Salgado-Enriquez.  See Transcript at 4:19-22 (Backinoff).  After discussion with his counsel, Salgado-Enriquez decided he did not like the plea agreement, which prohibited him from seeking a Booker deviation or from appealing his sentence.  See id. at 6:9-23 (Tallon).  He and the United States therefore abrogated the 11(c)(1)(C) agreement as written, and removed subparagraphs A-G of paragraph 4 and paragraph 5 from the plea agreement.  See id. at 6:9-7:15 (Tallon, Backinoff, Court).  With those deletions, Salgado-Enriquez reaffirmed his plea of guilty, and proceeded to sentencing based upon the pre-sentence report and the attachments he submitted to the Court.  See id. at 10:6-8 (Salgado-Enriquez, Court).

There not being any dispute concerning the factual findings contained within the pre-sentence report or with its Sentencing Guidelines applications, which established an offense level of 13 and a criminal history category of 5, the Court adopted those as its own.  See id. at 3:15-20 (Tallon); id. 24:19-25:14 (Court).  Based upon Salgado-Enriquez' criminal history category and offense level, the Sentencing Guidelines provide a sentencing range of 30-37 months.  Salgado-Enriquez requests that the Court deviate from the guideline range, pursuant to Booker and 18 U.S.C. § 3553, and impose a sentence of 15-21 months.  See Sentencing Memorandum at 1; Transcript at 10:17-19:2 (Tallon).

## ANALYSIS

Salgado-Enriquez urges the Court to formulate, as it must, a sentence that is "sufficient but not greater than necessary" to achieve the purpose of sentencing.  See 18 U.S.C. §3553; Sentencing Memorandum at 1.  Salgado-Enriquez asks the Court to impose the lowest reasonable sentence with

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

respect to the advisory guideline sentencing range and with due regard for the sentencing factors set forth in 18 U.S.C. §3553(a).  See Sentencing Memorandum at 1.  Salgado-Enriquez and his counsel urge the Court to impose a prison sentence of no greater than 21 months.  See id.

Salgado-Enriquez does not dispute that the advisory guideline calculation for the illegal entry offense he pled guilty to is 30 to 37 months.[2]  The key issue is whether consideration of §3553(a)'s sentencing factors warrants a variance from the range that the advisory guidelines suggest.  See Sentencing Memorandum at 5-7.  There is no mandatory minimum sentence or other mandatory sentencing conclusion to adopt.

The Court has carefully considered the history and characteristics of Salgado-Enriquez.  The Court notes the period of time he has resided and been employed in the United States, and his efforts to obtain legal employment in Canada.  See Sentencing Memorandum at 2-4; Transcript at 10:17-19:2 (Tallon).  The Court, however, does not believe that Salgado-Enriquez' case is outside of the heartland of cases and would not  grant a request for departure, under the facts and circumstances present, if one was requested.  With respect to Salgado-Enriquez' request for deviation pursuant to the factors set out in § 3553, the Court has examined Salgado-Enriquez' criminal history involving multiple re-entry, automobile, and theft issues.  See id.  For the reasons set forth at the hearing, and consistent with those reasons, the Court concludes that a sentence of 30 months, the low end of a Guideline sentence, will provide adequate deterrence, protect the public from further crimes, reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Further, the Court believes that a sentence of 30 months is reasonable, and that it will be sufficient without

---

[2]Before the United States and Salgado-Enriquez amended their plea agreement, the advisory guideline calculation was 27 to 33 months.  Salgado-Enriquez does not, however, under either plea agreement, dispute the advisory guideline calculations.

being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the request for a deviation submitted at the hearing and contained within Defendant Oscar Salgado-Enriquez' Sentencing Memorandum is denied. The Court sentences Salgado-Enriquez to 30 months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David Iglesias
   United States Attorney
Rhonda P. Backinoff
   Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Daniel J. Tallon
Albuquerque,  New Mexico

   *Attorney for the Defendant*